IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-411-8
)
AARON FORD )

MEMORANDUM AND ORDER OF COURT

On March 22, 2011, defendant appeared before this member of the court and, after having been fully advised of his right to counsel as well as of the dangers and disadvantages of representing himself, knowingly and voluntarily waived his right to counsel. In light of this waiver, the court entered an order permitting his previous court appointed attorney, Steven C. Townsend, to withdraw. Subsequently, attorney Stephen Israel was appointed as stand-by counsel for defendant.

Since he took over his own representation, defendant already has submitted 6 pro se filings, two of which he titled "motions" and 4 of which he styled as "notices." The court first will address the motions.

Defendant has filed a "motion for leave to proceed in forma pauperis instanter." (Document No. 1515). A declaration of *in forma pauperis* status is unnecessary for an indigent criminal defendant. *In forma pauperis* status basically permits a litigant to have access to the courts without the pre-payment of filing fees. 28 U.S.C. §1915(a)(1). There are no filing fees

✎AO 72
(Rev. 8/82)

in a criminal case. Although a defendant ultimately may file an appeal in a criminal case *in forma pauperis*, such a request is premature at this stage of the litigation. Accordingly, defendant's motion will be denied.

Defendant also has filed what he has captioned a "motion to challenge the racial make up and the qualifications of the grand jury." (Document No. 1530). As an initial matter, defendant's motion is untimely. The deadline for the filing of pretrial motions long since has expired in this case. The government already has responded to the 230 motions filed in total by all 27 defendants, including the 11 motions that timely were filed on behalf of defendant by his since-dismissed court appointed attorney, and those motions are pending. In addition, even while being represented by counsel, defendant timely filed several *pro se* pretrial motions on his own, including a motion for discovery and a motion to dismiss.

At the hearing on defendant's motion to proceed *pro se*, he was advised by the court that he was required to be familiar with, and comply with, the Federal Rules of Criminal Procedure and the local rules and he indicated that he understood those obligations. No special exception will be granted to defendant to permit him to file additional pretrial motions out-of-time simply because he has chosen to proceed *pro se*. His untimely motion will be denied.

AO 72
(Rev. 8/82)

Moreover, although defendant entitles his motion a "motion to challenge the racial make up and the qualifications of the grand jury," a review of that motion reveals that there is nothing in it relating to the grand jury, its make-up, or the qualifications of its members. Instead, defendant challenges the government's inability to produce the actual firearm underlying the charge set forth at Count 20 of the Superseding Indictment, and baldly asserts that he is innocent of the RICO conspiracy count charged at Count Two. Defendant is raising sufficiency of the evidence arguments that clearly cannot be raised until the government has presented its evidence at trial.

The remainder of defendant's pro se filings are captioned not as "motions" but as "notices:" (1) "Notice of Questions for Voir Dire" (Document No. 1516); (2) "Notice of Final Disposition Pursuant to Interstate Agreement on Detainers" (Document No. 1517); (3) "Notice of Request for a Criminal Pro Se Package" (Document No. 1531); and, (4) "Notice Rejecting Stand-by Counsel" and "Notice of Non-Receipt of Court Filings." (Document No. 1535).[1]

---

[1] While still represented by court-appointed counsel, defendant previously filed numerous other "notices" in this case, including: (1) a "notice of affidavit stating grounds for denial of the indictment returned indictment as denied, affidavit rebutting all false presumptions presented by the plaintiff, affidavit stating no constitutional standing and affidavit in support of 18 U.S.C. §1361" (Document No. 1193); (2) a "notice of appearance" (Document No. 1199);

continue...

AO 72
(Rev. 8/82)

Defendant's "Notice of Questions for Voir Dire" will be considered by the court prior to jury selection, which currently is set for September 12, 2011.

It is unclear what, if anything, defendant is requesting or stating in his notice relating to the interstate agreement on detainers. The filing appears to be nothing more than a collection of form documents, some of which have been incompletely filled-out and others which are blank, and none of which have been signed or witnessed.

As defendant was advised at the waiver of counsel hearing, it is not the court's responsibility to provide legal advice on how to properly complete these forms, nor to attempt to decipher what defendant's purpose is in filing them. He had a court-appointed attorney who indicated at the hearing that he had been willing to assist defendant on this matter, but defendant refused his aid. Defendant instead voluntarily waived his right to counsel and insisted upon proceeding *pro se* after being

---

[1]...continue
and, (3) a "notice stating no constitutional standing" (Document No. 1208). These notices contain no requests to be ruled on by the court, but instead make assertions, under oath, that all of the matters he is stating in each particular notice are true. He then generally includes "proffers" to all parties giving them 30 days to "provide evidence to the contrary of the facts offered" and construing any failure to respond within that time as a "tacit agreement" that the "facts" set forth in his notice have been stipulated to. These notices have been filed as part of the record, but obviously have no legal effect whatsoever.

AO 72
(Rev. 8/82)

warned of these types of disadvantages. Nevertheless, standby counsel has been appointed by the court and he is available to assist the defendant if defendant requests it.

Defendant also has filed a notice requesting a "criminal *pro se* package." The clerk's office has informed the court that no such packages exist. The clerk's office does distribute upon request packets to *pro se* litigants who wish to file, *e.g.*, post-conviction motions to vacate pursuant to 28 U.S.C. §2255. The court understands that one of these packets was sent to defendant.

Finally, defendant has submitted a filing containing both a "notice rejecting standby counsel" and "notice of non-receipt of court filings." As to the non-receipt of court filings, defendant has been provided, and will continue to be provided, copies from the court of all orders that relate to him. The court will not send him courtesy copies of orders that do not apply to him specifically, nor will the court require counsel for the other 26 defendants to send courtesy copies of motions relating to their clients that have nothing to do with defendant.

At defendant's request, standby counsel has been instructed not to file any matters on defendant's behalf without his written permission. Standby counsel shall forward to defendant copies of motions or other filings he submits on defendant's

AO 72
(Rev. 8/82)

behalf that have been authorized by defendant and shall also forward to defendant filings by other defendants that standby counsel believes may pertain to defendant. The government also hereby is instructed to send directly to defendant any filings it submits that relate to defendant.

As to defendant's "notice rejecting stand-by counsel," he does not have the right to negate the appointment of standby counsel. It is well-settled that the court has the authority to appoint standby counsel for a *pro se* defendant even over that defendant's objection. McKaskle v. Wiggins, 465 U.S. 168 (1984) (trial judge did not violate defendant's right to self-representation by appointing stand-by counsel over defendant's objection). The appointment of standby counsel is designed to "relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." Id. at 184.[2]

In addition, not only is there a preference for standby assistance to *pro se* litigants, United States v. Bertoli, 994 F.2d 1002, 1017 (3d Cir. 1993), "[s]tandby counsel should always

---

[2] While defendant has the right not to cooperate with standby counsel, as the court fully explained at the status conference held on April 19, 2011, he would be making a serious mistake in not taking advantage of standby counsel's advice and assistance.

AO 72
(Rev. 8/82)

be appointed in cases expected to be long or complicated or in which there are multiple defendants." United States v. Welty, 674 F.2d 185, 193 n. 5 (3d Cir. 1982)(emphasis added). Accordingly, it has been recognized that the wishes of the defendant carry no weight in the decision to appoint stand-by counsel. United States v. Thomas, 220 F. Supp.2d 430, 441 (W.D. Pa. 2002).

The court has recognized defendant's right to self-representation and has permitted him to proceed *pro se* in this complex multi-defendant RICO prosecution. The trial of this matter is expected to be long and complicated and standby counsel is necessary, not only to assist defendant, but to assist the court and to ensure compliance with the relevant rules of procedural and substantive law. See Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) (right of self-representation is not license to abuse the dignity of the courtroom nor to avoid compliance with relevant rules of law). Regardless of defendant's objections, Attorney Stephen Israel has been appointed as standby counsel and he will continue to serve in that role despite defendant's attempt to "reject" him.

An appropriate order follows.

Dated: April 19, 2011

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

ORDER OF COURT

AND NOW, this 19th day of April, 2011, IT IS ORDERED that defendant's "motion for leave to proceed in forma pauperis instanter" (Document No. 1515) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant's "motion to challenge the racial make up and the qualifications of the grand jury." (Document No. 1530), be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

cc: Aaron Ford

Charles A. Eberle
Assistant United States Attorney

Stephen Israel, Esq.

AO 72
(Rev. 8/82)