IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-411-8 |
| | ) |
| AARON FORD | ) |

ORDER OF COURT

Presently before the court is a Motion to Dismiss (Document No. 1634) filed by Aaron Ford ("defendant"), who is proceeding *pro se* in this multi-defendant RICO conspiracy case. Because defendant's motion is untimely, and otherwise is without merit, it will denied.

As defendant has been advised numerous times, the deadline for the filing of pretrial motions long since has expired in this case. The government has responded to the 230 motions filed in total by all 27 defendants, including the 11 motions that timely were filed on behalf of defendant by his since-dismissed court appointed attorney, and those motions are under advisement. In addition, even while being represented by counsel, defendant did file timely several *pro se* pretrial motions, including a motion for discovery and another motion to dismiss, which likewise are pending.

Defendant has been advised, and has indicated he is aware, that he is required to be familiar with, and comply with, the Federal Rules of Criminal Procedure and the local rules. Again, no special exception will be granted to defendant to permit him to file pretrial motions out-of-time simply because he has chosen to proceed *pro se*.

In any event, defendant's motion, which alleges that the federal government lacks jurisdiction to prosecute "non-economic" violent crimes such as those set forth in the indictment because they have no nexus to interstate commerce, is without merit. As the Third Circuit Court of Appeals has acknowledged, the Supreme Court has interpreted RICO expansively and has pointed to its legislative history as evidence that Congress "intended to create a broad and powerful new statutory weapon for the federal government to wield" against criminal enterprises, United States v. Bergrin, ___ F.3d ___, 2011 WL 1366388 (3d Cir., April 20, 2011), including association-in-fact enterprises such as street gangs. United States v. Cooper, 2009 WL 2713978 (3d Cir., Aug. 31, 2009).

Indeed, a similar argument to that raised by defendant here, that the RICO statute is unconstitutional as applied to an enterprise engaged exclusively in "non-economic" criminal activity, was considered and rejected by the First Circuit Court of Appeals in United States v. Nascimento, 491 F.3d 25 (1st Cir.

2

2007) cert. denied Nascimento v. United States, 552 U.S. 1297 (2008), which the court finds to be both highly persuasive and dispositive.

Moreover, the interstate commerce element of the RICO statute has been construed liberally to require only a *de minimis* nexus between the activities of the enterprise and interstate commerce. See e.g. United States v. Daniels, 2002 WL 31255451 at * 5 (3d Cir., Sept. 26, 2002)(a *de minimis* effect will suffice to establish interstate commerce element of RICO); Nascimento, 491 F.3d at 37 (a *de minimis* effect on interstate commerce is all that is required to satisfy RICO's commerce element); See United States v. Fernandez, 388 F.3d 1199 (9th Cir. 2004)((RICO prosecutions require a showing of only a *de minimis* effect on interstate commerce to meet jurisdictional element).

In reviewing the sufficiency of the government's pleadings on a motion alleging a defect in the indictment, the court's determination must be based on whether the facts as alleged in the indictment, if accepted as entirely true, state the elements of an offense and could result in a guilty verdict. Bergrin, 2011 WL 1366388 at *7.

Here, the indictment sufficiently alleges a nexus between the activities of the enterprise and interstate commerce to survive a motion to dismiss the indictment. See Fernandez, 388 F.3d at 1218 (indictment need not set forth facts alleging how

3

interstate commerce was affected, nor otherwise state any theory of interstate impact). Whether the government can meet its burden of proving a *de minimis* effect on interstate commerce is an issue for trial. Id. at *4 (a ruling on a motion to dismiss is not a permissible vehicle for addressing the sufficiency of the government's evidence).

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 17th day of May, 2011, IT IS ORDERED that defendant's motion to dismiss (Document No. 1634) be, and the same hereby is, **denied**.

 Gustave Diamond
 United States District Judge

cc: Charles A. Eberle
 Assistant U.S. Attorney

 Aaron Ford