IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-411-8 |
| | ) |
| AARON FORD | ) |

### MEMORANDUM AND ORDER OF COURT

Presently before the court is the latest submission from Aaron Ford ("defendant"), who is proceeding *pro se* in this multi-defendant RICO conspiracy case. In this "notice" defendant proclaims that "Stephen Israel is hereby relieved of his duty as Stand by counsel." (Document No. 1673). Defendant's "notice," which the court will construe as a motion to dismiss standby counsel,[1] is frivolous, as well as redundant, and it will denied.

This is the second "notice" that defendant has filed attempting to dismiss standby counsel. He also tried to do so orally at a status conference held with standby counsel. As the court has ruled both in written orders and at the conference, defendant does <u>not</u> have any right to negate the appointment of standby counsel.

---

[1] As in most of his filings, defendant states that his "notice" is "not a motion submitted to the discretion of the court." Defendant is instructed, again, that it is for the court to determine how a filing should be construed.

As defendant has been advised previously, the court has the authority to appoint standby counsel for a *pro se* defendant <u>even over that defendant's objection</u>. <u>McKaskle v. Wiggins</u>, 465 U.S. 168 (1984) (trial judge did not violate defendant's right to self-representation by appointing stand-by counsel over defendant's objection).

As defendant also has been advised previously, not only is there a preference for standby assistance to *pro se* litigants, <u>United States v. Bertoli</u>, 994 F.2d 1002, 1017 (3d Cir. 1993), "[s]tandby counsel should <u>always</u> be appointed in cases expected to be long or complicated or in which there are multiple defendants." <u>United States v. Welty</u>, 674 F.2d 185, 193 n. 5 (3d Cir. 1982)(emphasis added). Accordingly, it has been recognized that the wishes of the defendant carry <u>no weight in the decision to appoint stand-by counsel</u>. <u>United States v. Thomas</u>, 220 F. Supp.2d 430, 441 (W.D. Pa. 2002).

Finally, as defendant has been advised previously, the appointment of standby counsel is not merely for a defendant's benefit, but also for the benefit of the court, the government and the other parties to the case. Standby counsel is designed to "relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals."

AO 72
(Rev. 8/82)

Id. at 184. The trial of this matter is expected to be long and complicated and standby counsel is necessary, not only to assist defendant, but to assist the court and to ensure compliance with the relevant rules of procedural and substantive law, for which defendant already has shown a disregard.

As noted in Faretta v. California, 422 U.S. 806, 834 n. 46 (1975), the right of self-representation is not a license to abuse the dignity of the courtroom nor to avoid compliance with relevant rules of law. Nor is it a license to flood the court repeatedly with frivolous requests or "demands" or "notices" which already have been denied.

Regardless of defendant's objections, Attorney Stephen Israel has been appointed as standby counsel and he will continue to serve in that role. The court will not entertain any more frivolous requests to replace standby counsel.

An appropriate order follows.

ORDER OF COURT

AND NOW, this 24th day of May, 2011, IT IS ORDERED that defendant's motion to dismiss standby counsel (Document No. 1673) be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

3

AO 72
(Rev. 8/82)

cc: Charles A. Eberle
    Assistant U.S. Attorney

    Aaron Ford