IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-411-8 |
| | ) | |
| AARON FORD | ) | |

OPINION

Presently before the court is a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c) filed on behalf of Aaron Ford ("defendant"). The government has filed a response in opposition to any sentence reduction. For the following reasons, defendant's motion will be granted.[1]

On February 12, 2010, a grand jury returned a 37-count superseding indictment against 27 defendants charging, *inter alia*, a conspiracy to conduct an enterprise through a pattern of racketeering activities in violation of 18 U.S.C. §1962(d). Defendant was charged at count two of the superseding indictment with RICO conspiracy and at count twenty with possessing a firearm in furtherance of a crime of violence. He subsequently pled guilty to count two pursuant to a plea agreement under Fed.R.Crim.P. 11(c)(1)(C) by which the parties agreed that a specific sentence of 88 months' imprisonment would be an appropriate disposition of the case. Finding the specified sentence to be reasonable, this court accepted the plea agreement and sentenced defendant to the agreed upon term of imprisonment of 88 months, a downward variance from the guideline range of 100 - 125 months applicable at the time of sentencing.[2]

---

[1] Defendant's *pro se* motion to reduce sentence pursuant to §3582(c), which he submitted prior to the counseled motion later filed on his behalf by the Federal Public Defender, also will be granted for the same reasons.

[2] At the time of sentencing, defendant's total offense level was 25 and his criminal history category was V, resulting in an advisory guideline range of 100 to 125 months. U.S.S.G. §5 (Part A).

Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines amended Section 2D1.1 of the Guidelines to decrease base offense levels for drug offenses by 2 levels. This Amendment has been made retroactive by the Sentencing Commission. There is no dispute that had Amendment 782 been in effect at the time of defendant's sentencing, his total offense level would have been 23 rather than 25, which, with a criminal history category of V, would have resulted in a guideline range of 84 to 105 months, rather than 100 to 125 months.

Based on Amendment 782, defendant now seeks a sentence reduction pursuant to 18 U.S.C. Section 3582(c) from 88 months to 84 months, the low end of the advisory guideline range that would have been applicable had Amendment 782 been in effect at the time of sentencing. The government, however, argues that a reduction is neither authorized nor warranted because the Rule 11(c)(1)(C) plea agreement explicitly specified a sentence of 88 months as the appropriate disposition of this case.

Accordingly, the two issues before this court are whether defendant, who was sentenced to a term of imprisonment of 88 months in accordance with his Rule 11(c)(1)(C) plea agreement, is eligible for relief under §3582(c) and Amendment 782, and, if he is so eligible, whether any reduction in his sentence is warranted. For the following reasons, this court finds that defendant is eligible for relief and that the requested 4-month reduction is appropriate.

Title 18 U.S.C. §3582(c) provides in pertinent part:

> "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

(emphasis added).

Thus, by its statutory terms, a court may only consider a reduction in sentence under §3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment *based on* a sentencing range that has been subsequently lowered by the Sentencing Commission; <u>and</u>, (2) when such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. <u>United States v. Weatherspoon</u>, 696 F.3d 416, 422 (3d Cir. 2012). The question before this court then is whether defendant's term of imprisonment of 88 months, imposed pursuant to the parties' Rule 11(c)(1)(C) plea agreement, nevertheless is "*based on* a sentencing range that has been subsequently lowered."

Whether a defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement that sets out a specific term of imprisonment is eligible for a reduction under §3582(c)(2) was addressed by the United States Supreme Court in <u>Freeman v. United States</u>, 131 S.Ct. 2685 (2011). There, a plurality of the Court held that a defendant who pleads guilty pursuant to a Rule 11(c)(1)(C) plea agreement is eligible for relief under §3582(c)(2) whenever the district court uses the Guidelines as a <u>basis</u> for accepting the agreement. <u>Id</u>. at 2695. Justice Sotomayor concurred in the result, but disagreed with the plurality's rationale, instead finding that such a defendant is eligible for a §3582(c) reduction <u>only</u> when the plea agreement makes clear that the parties used the Guidelines as a <u>foundation</u> for the term of imprisonment set forth in the agreement. <u>Id</u>. at 2697-98. The Third Circuit Court of Appeals has held that Justice Sotomayor's concurrence is the opinion that binds courts on this issue in this circuit. <u>United States v. Thompson</u>, 682 F.3d 285, 290 (3d Cir. 2012).

Under Justice Sotomayor's framework, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement can only be eligible for a §3582(c) sentence reduction in two situations: (1) when the agreement calls for the defendant to be sentenced within a particular

guidelines range; or, (2) when the defendant's agreement "provide[s] for a specific term of imprisonment - such as a number of months," the sentence is "based on" a Guidelines range when the agreement "make[s] clear" that the foundation for the agreed-upon sentence was the Guidelines. Weatherspoon, 696 F.3d at 422; (*citing* Freeman, 131 S.Ct. at 2696 (Sotomayor, J., concurring)). "As long as that sentencing range is evident from the agreement itself, for purposes of §3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range," Freeman, 131 S.Ct. at 2697-98, and this is so even if the defendant is not sentenced within that sentencing range. Id. at 2700, n.9.

Accordingly, in order to be eligible for a reduction under §3582(c)(2), a defendant who agrees to a fixed sentence under Rule 11(c)(1)(C) must show, in particular, that "his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." Weatherspoon, 696 at 423; *see also* United States v. Goodman, 645 Fed. Appx. 135, 136 (3d Cir. 2016). Failure to meet either requirement is fatal to a defendant's §3582(c)(2) motion. Weatherspoon, 696 F.3d at 423.

The "determination of whether a defendant's sentence is 'based on' the Guidelines turns solely on an examination of the four corners of the plea agreement." Id. at 422; *see* Freeman, 131 S.Ct. at 2696 (Sotomayor, J.)( "it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced."). Accordingly, "[a]ny statements made by the District Court, the probation department, or counsel are irrelevant to this analysis." Weatherspoon, 696 F.3d at 422.

Here, an examination of the plea agreement establishes that the sentencing guidelines were the foundation for the Rule 11(c)(1)(C) sentence. Unlike in Weatherspoon, where the 11(c)(1)(C) agreement contained only a drug quantity stipulation, the plea agreement in the

present case not only contains a drug quantity stipulation (¶2), but also identifies the base offense level as being established by U.S.S.G. §§2E1.1(a)(2) and 2D1.1 (¶3); stipulates as to specific offense characteristic and acceptance of responsibility adjustments (¶¶4 and 6); calculates defendant's criminal history score as 11, total offense level as 25 and criminal history category as V (¶¶8 and 9); and expressly states that the parties agree that defendant's advisory guideline range is 100-125 months (¶9). Significantly, after stipulating to the 88-month term of imprisonment, the agreement also recognizes that the appropriate sentence is a variance from the otherwise applicable guideline range by indicating that "no <u>other</u> enhancements, departures or variances are applicable or appropriate." (¶13).

Because the Rule 11(c)(1)(C) agreement "both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence," Weatherspoon, 696 F.3d at 422, the sentencing range is evident from the agreement itself and this court is satisfied that defendant's Rule 11(c)(1)(C) sentence was "based on" the guidelines. Accordingly, the court finds that defendant is eligible for a sentence reduction under §3582(c) based on the subsequent lowering of the applicable guideline range.

Having found that defendant is *eligible* for a sentence reduction under §3582(c), this court next must decide if such a reduction is *appropriate* under the circumstances of this case. In determining whether such a reduction is warranted, as well as the extent of any authorized reduction, this court is required to follow the instructions set forth in U.S.S.G. §1B1.10. *See* Dillon v. United States, 560 U.S. 817 (2010).

Specifically, §1B1.10 directs the court to follow a two-step process: (1) determine the amended guideline range that would have been applicable to the defendant had the amendment been in effect at the time of the initial sentencing; and, (2) consider any applicable Section

AO 72
(Rev. 8/82)

- 5 -

3553(a) factors[3] and determine whether an authorized reduction is warranted in whole or in part under the particular circumstances of the case. Dillon, 560 U.S. at 827. A defendant is not entitled to a reduced sentence as a matter of right under §3582(c), *see background commentary* to U.S.S.G. §1B1.10, and this court has the discretion, after considering the §3553(a) factors, to determine whether a reduction is appropriate in a given case. Id.

Under Dillon, the court first must determine the amended advisory guideline range that would have been applicable to defendant had Amendment 782 been in effect when he originally was sentenced. As already noted, with the two-level reduction that defendant would have been entitled to had that amendment been in place at the time of his sentencing, defendant's total offense level would have been 23, rather than 25, which, with a criminal history category of V, results in an amended advisory guideline range of 84-105 months.

Step 2 of the Dillon process requires the court to determine whether a reduction is warranted in whole or in part under the circumstances of this case. Here, defendant argues that a sentence reduction to 84 months, the low end of the amended guideline range, is warranted. However, the government opposes any reduction in defendant's sentence "considering [his] criminal history and his knowing and voluntary participation in the racketeering conspiracy charged," as well as in light of the "already considerable benefit that defendant has received." The government argues that, under these particular circumstances, the agreed-upon sentence of 88 months remains appropriate.

---

[3] In determining a particular sentence, 18 U.S.C. §3553(a) requires the court to consider a number of factors, including, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

Defendant's offense unquestionably was a serious one involving his gang-related participation in drug trafficking activities, with the parties stipulating that defendant was responsible for at least 50 but not more than 112 grams of crack cocaine. In addition, the dismissed count of the indictment was a firearms offense. However, the court considered those factors, along with the other §3553(a) factors, when reviewing the parties' Rule 11(c)(1)(C) agreement and ultimately accepting a sentence below the then-applicable guidelines range, as agreed to by the parties, as the appropriate disposition of the case.

While defendant is not entitled as a matter of right to a reduced sentence, the court in its discretion finds that a reduced sentence to 84 months is appropriate in this case. In imposing this amended sentence, the court has considered the factors set forth in §3553(a), as well as those recognized in the application notes to U.S.S.G. §1B1.10. In particular, as required under application note 1(B)(ii) to §1B1.10, the court has considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's sentence. Although defendant has several assault and firearms convictions in his past, the court also is obliged, under application note 1(B)(iii) to §1B1.10, to consider defendant's post-sentencing conduct, as outlined in defendant's *pro se* motion (Document No. 2504) and brief in support (Document No. 2505), which indicate that he has taken advantage of the opportunities presented to him while incarcerated, including obtaining his GED, while also completing a 6-month non-residential Drug Abuse Program as well as a number of educational and vocational courses and workshops, including a parenting workshop. The court believes that defendant's post-sentencing conduct is a significant factor warranting the modest 4-month reduction in sentence in this case.

Accordingly, for the foregoing reasons, the court finds that a sentence reduction to 84 months' imprisonment accurately reflects the nature and seriousness of defendant's crime and is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Dated: September 6, 2016

cc: Troy Rivetti
Cindy Chung
Assistant U.S. Attorneys

Michael J. Novara
Samantha L. Stern
Assistant Federal Public Defenders

AO 72
(Rev. 8/82)